**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

YURY NOSAU; ANZHELIKA NOSAVA,
    833 Benson St,
    Philadelphia, PA 19111

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official
capacity,
Secretary, U.S. Department of Homeland
Security;

JOSEPH B. EDLOW, in his official capacity,
Director, U.S. Citizenship and Immigration
Services;
    2707 Martin Luther King Jr. Ave, SE
    Washington, DC 20528-0485

TODD BLANCHE, in his official capacity,
Attorney General, Office of Attorney General,
U.S. Department of Justice;
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

**Defendants.**

Civil Action No. ___26-5606___

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND
VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Non-resident Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W.

Algonquin Road, Ste. 630, Rolling Meadows, Illinois 60008, Ph: 312-767-9030, Facsimile: (312)

549-9981, Email: sadaf@jeelani-law.com; Jordan Lane, Local Counsel for Plaintiff, HOGAN

& VANDENBERG, 1608 Walnut Street, Suite 130, Philadelphia, Pennsylvania 19103; Ph.

610.664.6271; jordan@hvlawgroup.com.

1

**INTRODUCTION**

COME NOW YURY NOSAU and ANZHELIKA NOSAVA (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, and allege as follows:

1. This action arises from Defendants' failure to adjudicate the Form I-485, Application to Register Permanent Residence or Adjust Status, filed by Plaintiff YURY NOSAU ("Plaintiff NOSAU") and the Form I-485 filed by Plaintiff ANZHELIKA NOSAVA ("Plaintiff NOSAVA"), asylees who are married to one another, within a reasonable period of time.

2. Plaintiffs are citizens of Belarus who were each granted asylum in the United States, effective August 12, 2024, pursuant to section 208 of the Immigration and Nationality Act ("INA"). Having accumulated one year or more of time in asylee status, Plaintiffs each have the right to apply for permanent resident status by filing Form I-485, Application to Register Permanent Residence or Adjust Status ("Application").[1]

3. On November 7, 2024, Plaintiff NOSAU properly filed his Application (Receipt No. MSC2590124382).

4. On November 7, 2024, Plaintiff NOSAVA properly filed her Application (Receipt No. MSC2590124383).

5. Plaintiffs' respective Applications have each been pending since November 7, 2024, for a period of over twenty months (over 636 days), which is nearly two times the historical median

---

[1]Under federal immigration law, a non-U.S. citizen who is granted asylum gains multiple benefits, including employment authorization, an unrestricted social security card, employment assistance, and the ability to apply for adjustment of status to permanent residence after one (1) year. See Exhibit A (I-589 Approval Notices); 8 U.S.C. §§ 1158, 1159; INA §§ 208, 209.

processing time (10.3 months) reported by USCIS for Form I-485 applications adjudicated in fiscal year 2025.[2]

6.   Plaintiffs have a clear right to the adjudication of their respective Applications within a reasonable period of time.

7.   The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. § 555(b).

8.   Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1). As such, this action is brought to compel Defendants, and those acting under them, to take action on Plaintiffs' respective Applications.

9.   Further, the delay in adjudicating Plaintiffs' Applications extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

10. Defendants' prolonged inaction has caused Plaintiffs significant hardship. In particular, Plaintiff NOSAU is employed as a Professional Commercial Truck Driver, a position that requires him to hold and maintain a valid commercial driver's license ("CDL"). Under current state licensing requirements, Plaintiff NOSAU will be unable to renew his CDL without documentation of lawful permanent resident status, or other status documentation, that would result from adjudication of his pending Application, placing his continued employment at imminent risk.

**PARTIES**

11. Plaintiff YURY NOSAU is a citizen of Belarus, and, for purposes of the instant action, he is a resident of Philadelphia County, Pennsylvania. He is the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. MSC2590124382).

---

[2]See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

12. Plaintiff ANZHELIKA NOSAVA is a citizen of Belarus, and, for purposes of the instant action, she is a resident of Philadelphia County, Pennsylvania. She is the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. MSC2590124383).

13. Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1. This action is filed against him in his official capacity.

14. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

15. Defendant TODD BLANCHE is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, 1361, and 2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

4

17. Venue is proper in the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

18. Plaintiffs have repeatedly requested that Defendants render a final decision on their respective Applications. Plaintiffs, through the Office of Congressman Brendan F. Boyle, submitted an inquiry regarding Plaintiff NOSAU's Application, to which USCIS's National Benefits Center responded on February 5, 2026. Additionally, Congressman Boyle's Office submitted an inquiry with the USCIS Ombudsman's Office, all to no avail.

19. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish their eligibility for the approval of their respective Applications.

20. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

21. On August 12, 2024, Plaintiffs were each granted asylum in the United States pursuant to section 208 of the INA. [EXHIBIT A].

22. On November 7, 2024, Plaintiff NOSAU properly filed his Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS (Receipt No. MSC2590124382). [EXHIBIT B].

23. On November 7, 2024, Plaintiff NOSAVA properly filed her Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS (Receipt No. MSC2590124383). [EXHIBIT C].

24. On December 11, 2024, Plaintiff NOSAVA appeared at a designated USCIS Application Support Center and completed her biometrics. [EXHIBIT D].

25. On January 16, 2025, Plaintiff NOSAU appeared at a designated USCIS Application Support Center and completed his biometrics. [EXHIBIT E].

26. Since completion of biometrics, Defendants have issued no Requests for Evidence, scheduled no interview, and taken no meaningful adjudicative action on either Application.

27. Plaintiffs, through the Office of Congressman Brendan F. Boyle, inquired as to the status of Plaintiff NOSAU's Application. On February 5, 2026, USCIS's National Benefits Center responded that the Application remained pending and was awaiting interview scheduling by the USCIS Philadelphia Field Office, and that the case was, as of that date, characterized by USCIS as within its published processing times.

28. Notwithstanding that response, more than five additional months have elapsed since USCIS's February 5, 2026 response without any interview notice, further request, or other meaningful adjudicative action on Plaintiff NOSAU's Application, and Defendants have likewise taken no meaningful adjudicative action on Plaintiff NOSAVA's Application.

29. No further action remains required on Plaintiffs' part for adjudication to proceed.

30. Plaintiffs' respective Applications have now remained pending for over twenty months (over 636 days).

31. This delay is nearly two times the historical median processing time (10.3 months) reported by USCIS for Form I-485 applications adjudicated in fiscal year 2025.[3]

32. This delay far exceeds both USCIS's published processing times and Congress's 180-day guideline under 8 U.S.C. § 1571.

---

[3] See USCIS Historical Median Processing Times, available at: https://egov.uscis.gov/processing-times/historic-pt

33. Defendants have provided no legitimate explanation for the prolonged delay beyond the general characterization described above.

34. As a result of Defendants' continued inaction, Plaintiffs have suffered ongoing professional, financial, and personal hardship.

35. In particular, Plaintiff NOSAU's employment as a Professional Commercial Truck Driver requires him to hold and maintain a valid CDL. Under current state licensing requirements, Plaintiff NOSAU will be unable to renew his CDL absent documentation of lawful permanent resident status, or other status documentation, that would result from adjudication of his pending Application, placing his continued employment, and his family's financial stability, at imminent risk. Specifically, under the Federal Motor Carrier Safety Administration (FMCSA) regulations and Pennsylvania Department of Transportation (PennDOT) requirements, the continued delay in obtaining Lawful Permanent Resident status creates uncertainty regarding his employment and commercial driving privileges.

36. Further, Plaintiffs have been deprived of the opportunity to accrue time toward eligibility for naturalization as United States citizens.

## COUNT I

### VIOLATION OF THE APA – FORM I-485 (PLAINTIFF NOSAU) (5 U.S.C. § 706(1))

37. All prior paragraphs are re-alleged as if fully stated herein.

38. Plaintiff NOSAU has a statutory right to apply for adjustment of status to that of lawful permanent resident by filing Form I-485 pursuant to INA § 209(b), 8 U.S.C. § 1159(b).

39. Defendants have a duty to adjudicate Plaintiff NOSAU's Application within a reasonable period of time under 5 U.S.C. § 555(b).

40. Defendants possess all information necessary to adjudicate the Application.

41. Despite this, Defendants have failed to take final action.

42. A period of over twenty months (over 636 days) has elapsed since Plaintiff NOSAU filed his Application, which is nearly two times the historical median processing time reported by USCIS, rendering the delay unreasonable as a matter of law.[4]

43. Pursuant to 5 U.S.C. § 706(1), this Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.

44. Defendants' failure to adjudicate Plaintiff NOSAU's Application constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

45. Defendants' delay is unreasonable as a matter of law, and Plaintiff NOSAU has been deprived of the timely adjudication to which he is entitled.

## COUNT II

### VIOLATION OF THE APA – FORM I-485 (PLAINTIFF NOSAVA) (5 U.S.C. § 706(1))

46. All prior paragraphs are re-alleged as if fully stated herein.

47. Plaintiff NOSAVA has a statutory right to apply for adjustment of status to that of lawful permanent resident by filing Form I-485 pursuant to INA § 209(b), 8 U.S.C. § 1159(b).

48. Defendants have a duty to adjudicate Plaintiff NOSAVA's Application within a reasonable period of time under 5 U.S.C. § 555(b).

49. Defendants possess all information necessary to adjudicate the Application.

50. Despite this, Defendants have failed to take final action.

51. A period of over twenty months (over 636 days) has elapsed since Plaintiff NOSAVA filed her Application, which is nearly two times the historical median processing time reported by USCIS, rendering the delay unreasonable as a matter of law.

---

[4] See USCIS Historical Median Processing Times, available at: https://egov.uscis.gov/processing-times/historic-pt

52. Pursuant to 5 U.S.C. § 706(1), this Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.

53. Defendants' failure to adjudicate Plaintiff NOSAVA's Application constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

54. Defendants' delay is unreasonable as a matter of law, and Plaintiff NOSAVA has been deprived of the timely adjudication to which she is entitled.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.  Order Defendants to adjudicate Plaintiff NOSAU's and Plaintiff NOSAVA's Form I-485 Applications within a time certain;

2.  In the alternative, compel Defendants to perform their duty to adjudicate the Applications;

3.  Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication in violation of the Administrative Procedure Act;

4.  Retain jurisdiction over this matter to ensure compliance with the Court's order;

5.  Award Plaintiffs reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

6.  Grant such other and further relief as this Court deems just and proper.

Date:  August 6, 2026                    Respectfully submitted,

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (Bar # 36687-49 IN)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**

*Non-resident Attorney for Plaintiffs*
**\*PHV Admission Pending**


/s/ Jordan Lane
**Jordan Lane, Esq., (Bar #**
**HOGAN & VANDENBERG**
**1608 Walnut Street,  Suite 1301**
**Philadelphia, PA 19103;**
**Ph. 610.664.6271**
**jordan@hvlawgroup.com**
*Local Counsel for Plaintiffs*

10